IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT LEWIS CRITTENDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | CIVIL ACTION NO.2:05-CV-616-SRW |

## **MEMORANDUM OPINION**

### **I. INTRODUCTION**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the United States Magistrate Judge (Docs. #7-8, filed July 22, 2005). Based on its review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ISSUES

**A. Introduction**

The plaintiff was forty-six years old at the time of the final hearing[4] before the ALJ

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

[4] Three hearings took place in this case. The transcript from the first does not appear in the record because of a failure of recording equipment. The second, according to the ALJ, included all the

and has a high school education. The plaintiff's prior work experience includes work as a construction worker, textile worker, compressed gas plant worker, and Soldier. Following the administrative hearing, the ALJ concluded that the plaintiff had two severe impairments, right knee arthritis and partial amputation of the left index finger. The ALJ concluded that several other impairments, including depression, a left ankle injury, back problems, and a history of alcohol abuse, were not severe. The ALJ concluded that the plaintiff was not disabled because he could perform work as a maintenance services dispatcher, order clerk, surveillance monitor, polisher of eyeglass frames, and lens inserter.

## B.  Plaintiff's Claims

The plaintiff presents several issues for review: (1) whether the ALJ erred in finding that his depression was not severe, (2) whether the ALJ improperly failed to consider his "adjustment disorder" and "organic affective disorder," (3) whether the ALJ erred in not requiring a psychiatric review technique form before rendering his opinion, and (4) whether the ALJ erred by failing to order a consultative psychiatric examination.

## IV. DISCUSSION

## A.  Depression and the Psychiatric Review Technique

The plaintiff argues that the ALJ should have completed a Psychiatric Review Technique Form (PRTF) or at least employed its mode of analysis in reaching his decision. The use of this analysis is required by 20 C.F.R. § 404.1520a whenever a plaintiff has a

---

evidence from the first (Tr. 463).   The ALJ held the third in order to take testimony from a vocational expert (Tr. 497).

4

"colorable claim" of psychological impairment. *Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005). This analysis requires a consideration of the plaintiff's mental impairments as they affect (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. It specifically requires a rating of impairment in each of these functional areas on a five-point scale. 20 C.F.R. § 1520a(c)(3), (c)(4),(e). As the government acknowledges, the ALJ's opinion does not do this; therfore, whether the ALJ erred depends on whether the plaintiff brought a "colorable claim of mental impairment."

The briefs of the parties and the court's independent research have not uncovered controlling authority as to what constitutes a "colorable claim." The court therefore turns to the text of 20 C.F.R. § 404.1520a(b), which provides that

> [u]nder the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment[s]. See § 404.1508 [which requires medically acceptable diagnostic techniques] for more information about what is needed to show a medically determinable impairment. If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)....We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with [the technique].

The holding in *Moore* is explicitly based on application of this regulation, 405 F.3d at 1213, and the threshold is clear: the technique is required if the record shows a medically determinable mental impairment. If the ALJ finds that the impairment does not exist[5] or is

---

[5] A well supported finding that the impairment did not meet the twelve month duration requirement of 20 C.F.R. § 404.1509 would likewise be sufficient; however, in this case (contrary to the government's argument) the ALJ did not make such a finding. He found that the plaintiff's depression

not medically determinable, and supports his finding with substantial evidence, then there is no colorable claim; if the ALJ finds that the impairment exists, or the record mandates such a finding, then there is a colorable claim.

Although he did not list any mental impairments in his initial application for benefits, the plaintiff did present records regarding his treatment for depression (Tr. 386-446). The ALJ discussed the evidence of the plaintiff's depression as follows:

> On August 12, 2003, the claimant advised that he had sustained head trauma and had lost consciousness in 1990 when he had been hit on the head by a piece of steel. He indicated that, since that time, he had experienced times when he became violent, had headaches, and had mood swings that ranged from anxiety to depression to rage...It was observed that low self-esteem played some part in the claimant's difficulties. The claimant could not identify the current President and could not count backwards from 100 by 2s. He was diagnosed with depression and alcohol dependence and was prescribed Paxil which was later changed to Wellbutrin. The claimant's GAF was rated at 55. BuSpar was added in September 2003. On January 15, 2004, the claimant reported that he was doing better on his medications, with no moods [sic] swings although he continued to report memory problems.

(Tr. 19-20) (emphasis added). Independent review of the record supports these findings (Tr. 392-95, 402-03, 406-07) except that the plaintiff appears to have first complained of mood swings "since 1990" on September 15, 2003 (Tr. 402, 404, 445),[6] and the plaintiff's GAF,

---

existed, but that it responded favorably responded to medication and did not significantly affect the plaintiff's ability to work (Tr. 21).

[6] On July 8, 2003, the plaintiff complained that he "occasionally" felt depressed (Tr. 421). On August 14, 2003, he stated that he "was depressed before" but could not explain why or what his stressor was. He received a "therapeutic trial" of Paxil (Tr. 408). On this occasion, he told a social worker that "things had not gone right for him" since his wife left him in 1994 (they had since reunited). He said that he had been depressed "for some months intermittently" (Tr. 404). The record from September 15, 2003 indicates that the plaintiff had never had psychiatric inpatient treatment, and that his only previous history was a month of treatment in 1996 with no medications (Tr. 445).

6

after being rated at 55 in September 2003, was rated at 50 in January 2004 (Tr. 395, 403). Thus, the ALJ did not find that the plaintiff did not suffer from depression, but only that the plaintiff's depression had improved with medication, with prescriptions that were still active at the time of the hearing (Tr. 431). Furthermore, the plaintiff's depression was diagnosed by two examining, treating psychiatrists (Tr. 392, 395, 408, 446), one of whom described the abnormalities of memory, concentration, insight, judgment, and mood that led to the diagnosis (Tr. 446).[7] The impairment was medically determinable, the claim of mental impairment was colorable, and the ALJ was required to use the special technique of 20 C.F.R. § 404.1520a. In failing to do so, he erred and, under *Moore*, 405 F.3d at 1214, this error requires reversal.

This holding resolves the issue of whether the ALJ improperly found that the plaintiff's depression was not severe.[8] Under 20 C.F.R. § 404.1520a(d) and section 12.00C of the *Listing of Impairments,* the special technique is the required method for assessing the "severity" of mental impairments. Because he did not use it, the ALJ erred, regardless of how well he supported his finding that the plaintiff's depression did not significantly affect his ability to perform basic work activities. The decision of the ALJ is due to be reversed.

## B. Adjustment Disorder

---

[7] Section 12.00B of the *Listing of Impairments* describes "psychiatric signs" that can lead to a diagnosis of mental impairments as including "abnormalities of behavior, mood, thought, memory, orientation, development, or perception, as described by an appropriate medical source." A treating psychiatrist is an acceptable medical source.

[8] The plaintiff argues that the ALJ erred in not considering his "organic affective disorder" as a severe impairment. However, the plaintiff's affective disorder was his depression (*see* listing 12.04 of the *Listing of Impairments*). The two questions are therefore one.

The only evidence of adjustment disorder in the record relates to the plaintiff's brief treatment for depression in 1997 (Tr. 342). As described in the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders - Text Revision* 679-80 (4th ed. 2000) (*DSM-IV-TR*), an adjustment disorder is an emotional or behavioral disturbance triggered by a specific stressor, and by definition the disorder cannot last more than six months after the termination of the stressor or its consequences (*DSM-IV-TR* at 680). As described in the relevant medical record, the adjustment disorder in this case was an episode of depression triggered by "major losses" in the plaintiff's life, specifically the loss of his parents and his separation from his wife (Tr. 16, 338-42). The ALJ adequately discussed the plaintiff's treatment, which resulted in improvement in the plaintiff's emotional problems and, ultimately, the successful completion of a substance abuse program (Tr. 16-17). Independent review of the record supports his findings (Tr. 338-39, 343). Nothing in the record suggests that the plaintiff's adjustment disorder persisted until the alleged date of onset. Thus, the plaintiff had no colorable claim of adjustment disorder, and the ALJ was required neither to use the psychiatric review technique of 20 C.F.R. § 404.1520a(c) nor to find this impairment severe. The decision of the ALJ is not due to be reversed on this ground.

## C. Consultative Examination

The plaintiff argues that the ALJ should have ordered a consultative psychiatric examination. However, the ALJ has "complete discretion" over consultative testing, and such tests are required only when the record as a whole is not sufficient to support an

informed decision. 20 C.F.R. § 1519a(b); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). Here, the record contains records of the plaintiff's treatment for depression from July 2003-February 2004 (Tr. 386-446), and the court cannot conclude as a matter of law that these records are insufficient for an informed decision. The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

Based on the foregoing analysis, the court concludes that the decision of the Commissioner is due to be reversed, and the case remanded to the Commissioner for further proceedings consistent with this opinion. A separate order will issue.

DONE, this 22nd day of February, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE