IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEWIS CRITTENDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv616-SRW |
| | ) | (WO) |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff brought the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying him benefits under the Social Security Act.  On February 22, 2007, this court reversed the decision of the Commissioner and remanded the case for further proceedings pursuant to sentence four of § 405(g).  Plaintiff has filed a motion (Doc. # 20) for an award of attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  Plaintiff's application seeks fees in the total amount of $3,984.24 for 25.52 hours of work before this court.   The Commissioner responds that the parties have conferred and agree that an award in the amount of $3,945.65 is appropriate.  Upon an independent review of the record, the court concludes that the position of the Commissioner in this litigation was not substantially justified and, further, that an award of $3,945.65 is reasonable.

Plaintiff's motion requests that the award of fees be made payable to his attorney.  Defendant objects to this request.  The court heard oral argument in a telephone conference

and allowed the parties to file briefs directed to this issue.

The Commissioner contends that the plain language of the statute dictates that the EAJA fee award be made payable to the plaintiff, not to the attorney.  28 U.S.C. § 2412(d)(1)(A) authorizes the court to "award to a prevailing party" fees and other expenses "incurred by that party in any civil action . . . brought by or against the United States . . . ."  The Commissioner further points out, *inter alia*, that the statute's definition of "fees and other expenses" treats attorneys in the same manner as expert witnesses and those preparing reports or conducting testing found by the court to be necessary for preparation of the case (see § 2412(d)(2)(A)), and notes that eligibility for attorney's fees is conditioned on the party's net worth (see § 2412(d)(2)(B)).

Plaintiff acknowledges that only the plaintiff has the authority to seek fees under the EAJA, but argues that the fees sought by the plaintiff must be paid to his attorney, "as they were awarded to the plaintiff for the attorney's services."  (Doc. # 29 at 2-4).  Plaintiff maintains that "[t]he plain language of the EAJA shows payment goes to the attorney," citing the "Savings Provisions" set forth in section 206 of Pub. L. 96-481, as amended by Pub. L. 99-80, § 3, Aug 5, 1985.[1]  (Doc. # 29 at 5).  Plaintiff further argues that plaintiffs have no

---

[1] This legislation provides that section 206(b) of the Social Security Act (42 U.S.C. § 406(b)) does not preclude an award under the EAJA and, further, that the Social Security Act's provision of a misdemeanor penalty for an attorney who receives more than allowed by the Social Security Act for representation does not apply where the attorney who receives fees for the same work under both the Social Security Act and the EAJA "refunds to the claimant the amount of the smaller fee."  Pub. L. 99-80, § 3, 99 Stat. 183 (1985).  See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount

right to benefit personally from payment of EAJA awards, and that the government's position on this issue is motivated by its desire to make the EAJA awards available for offset against debts owed by plaintiff, a purpose which conflicts with that of the EAJA.  (Id. at 6-12). Plaintiff contends that making EAJA fees available for seizure to repay plaintiff's debts would discourage representation of Social Security claimants and maintains that payment of EAJA fees directly to attorneys is necessary to fulfill Congress's intent to encourage representation.  (Id. at 12-13).

The court takes seriously the risk that attorneys representing Social Security claimants may not be paid for their successful representation of claimants before federal courts if EAJA awards are made payable to plaintiffs.  However, it is persuaded that the holding of Panola Land Buying Association v. Clark, 844 F.2d 1506 (11th Cir. 1988), cited by the Commissioner, rests upon the Eleventh Circuit's conclusion – which this court cannot simply ignore – that an attorney has no legally protectable interest in pursuing an award of fees under the EAJA on his or her own behalf.[2]  In Panola, the Eleventh Circuit was faced with the issue of whether an attorney whose client had previously, in connection with settlement of the underlying case, waived its right to attorney's fees should be permitted to intervene in the action to assert his right to fees under the EAJA. The Eleventh Circuit found that the attorney had no legally protectable interest which would permit intervention in the action

---

of the smaller fee.'").

[2] Neither party has cited binding precedent which is directly on point.

under Fed. R. Civ. P. 24(a)(2).  Id. at 1509.  The court stated that "[i]t is readily apparent that the party eligible to recover attorney's fees under the EAJA as part of its litigation expenses is the prevailing party."  Id.  The court further reasoned:

> In addition to the straightforward "prevailing party" language in the EAJA, there are provisions within the statute which affirmatively rule out the attorney as a recognized applicant for fees and expenses. We shall discuss two of these provisions.  (1).  In the "fees and other expenses" definition, attorneys are treated in the same manner as expert witnesses, engineers, scientists, analysts, or other persons found by the court to be necessary for the preparation of the party's case.  Congress did not intend that all persons performing services to the prevailing party in the litigation be allowed to become parties in the case to assert their claims for compensation.  Those persons look to the party that obtained their services – just as does the attorney for the party.  The prevailing party may look to the opposing party for its costs.
>
> (2).  Section (d)(1)(B) requires a prevailing party seeking an award of fees and other expenses under (d)(1)(A) to submit "an application for fees and other expenses which shows . . . and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed."  That provision clearly manifests Congress' intent that the prevailing party's lawyer is not considered to be an applicant under the EAJA.

Id. at 1511.

Plaintiff argues that the right to petition for fees is not the same as the right to *receive* those fees.  However, this distinction finds no support in Panola.  The Panola decision rests squarely on the premise that the entitlement to an EAJA award does not belong to the attorney.  If it did, the plaintiff in Panola could not have waived those fees to his attorney's detriment.  See id. at 1512 ("Had Ebbinghouse an independent right under the EAJA to claim attorney's fees, a challenge to the waiver provision in the document signed by his former

4

client and not by him would not be necessary.").[3]

Additionally, the "Savings Provision" cited by plaintiff does not alter the conclusion that awards must be made payable to the plaintiff. The language regarding "refunds [of fees] to the plaintiff" does not speak to the issue of whether any EAJA fees are received from the plaintiff or directly from the government.

Finally, the policy concerns raised by plaintiff – which the court acknowledges to be troubling – are insufficient to compel a different result given existing Eleventh Circuit case law. The Panola court concluded, based on its analysis of the language of the EAJA, that the plaintiff's attorney had no legally protectable interest in an award of EAJA fees, even though it acknowledged the potential impact of its decision on the ability of indigent persons to obtain counsel. 844 F.2d at 1513-14. The court stated:

> Congress has been diligent to provide fee-shifting in its remedial statutes and it has been attentive to the people's right to challenge unreasonable government action. The EAJA initially was an experimental statute. It has been re-enacted and amended. It is for Congress to consider any revision to the EAJA or to otherwise address what the Legal Services attorney and the Appellant see as a serious problem. This court can no more formulate a solution, which it is implored to do in this case, than it can appropriate the funds necessary to effectuate a solution.

Id. at 1514.

Thus, upon consideration of the arguments raised by the parties, the court concludes

---

[3] This court finds the rationale of the Panola dissent more persuasive than that of the majority. However, the court cannot properly ignore the underlying premise of the majority opinion – *i.e.*, that it is the plaintiff who holds the right to EAJA fees from the government.

5

that the EAJA award in this case is payable to the plaintiff.[4]

## CONCLUSION

Accordingly, it is

ORDERED that plaintiff's motion for attorney's fees (Doc. # 20) is GRANTED to the extent that plaintiff is awarded EAJA fees in the amount of $3,945.65.

DONE, this 30th day of October, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[4] The court declines to award additional EAJA fees for the time spent by plaintiff's counsel in litigating the issue of whether fees should be payable to the plaintiff or to counsel, as requested by plaintiff. (Doc. # 29, pp. 14-15). Plaintiff's failure to prevail on this issue – and the fact that counsel litigated this issue for their own benefit, as opposed to that of the plaintiff – present "special circumstances" which "make an award unjust." 28 U.S.C. § 2412(d)(1)(A).